IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 00-19-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHARLES WADE LAFLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

A revocation hearing was held in this matter on December 18, 2009.  The dispositional part of the hearing was continued until April 22, 2010.  At that hearing, Lafley requested that his conditions of supervised release reflect his right to use marijuana for religious purposes, as well as pursuant to Montana's Medical Marijuana Act.[1]  The request was denied.  This Order explains my thinking on the

---

[1] Lafley does not challenge the imposition of supervised release or the conditions themselves.  Nor should he.  Lafley's criminal history includes distribution of methamphetamine and his supervised released was revoked, in part, for possessing marijuana.  It is within the Court's discretion to preclude Lafley from using controlled substances, including medical marijuana, to "promote

-1-

question.

## A. Freedom of Religion and Supervised Release Conditions

The main thrust of Lafley's argument is the First Amendment of the Constitution protects his right to freely exercise his religious beliefs, and those beliefs include using marijuana as a way to communicate with God. He submitted evidence that he is an ordained minister and member of the Hawai'i Cannabis Ministry. At the hearing, two ministers from his Church testified about the tenets and nature of the religion. Lafley argues that preventing him from smoking marijuana, something he considers a sacrament, impedes his right under the First Amendment's Free Exercise Clause. The argument has no legal legs.

The First Amendment prohibits government intrusion on the right to exercise one's religion. U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."). The free exercise of religion "embraces two concepts–freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. Conduct remains subject to regulation for the protection of society." <u>Cantwell v. State of Connecticut</u>, 310 U.S. 296, 303-04 (1940). In terms of regulating

---

respect for the law" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B).

religious conduct, a "neutral law of general applicability" that burdens religious activity does not violate the Free Exercise Clause.  Employment Division v. Smith, 494 U.S. 872, 879 (1990).

Here, federal law prohibiting drug use is a "neutral law of general applicability."  Id.  As such, it does not burden Lafley's free exercise of religion. He remains free to belong to and believe in any religion he chooses.  That right, however, does not include the right to use marijuana, even if that drug is called a sacrament.

Although Lafley did not raise the Religious Freedom of Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-(a), the Act would not provide the relief he seeks. Under RFRA, the government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1.

Presuming a restriction on marijuana use "burden[s Lafley's] exercise of religion,"[2]  the prohibition against using medical marijuana would still be upheld

---

[2]To establish a prima facie claim, Lafley must show the government action creates a substantial burden to freely practice his religion.  Guam, 290 F.3d at 1222.  This entails showing "a (1) substantial burden on a (2) sincere (3) exercise

because it serves "a compelling government interest in the least restrictive manner possible."  Guam v. Guerrero, 290 F.3d 1210, 1222 (9th Cir. 2002) (citing 42 U.S.C. § 2000bb-1(b)).[3]

### B. Medical Marijuana and Supervised Release

In addition to becoming a minister, through an internet sign-up "seminary", Lafley also obtained a medical marijuana identification card as authorized under

---

of religion." Israel, 317 F.3d at 771. It is not clear that Lafley's desire to smoke marijuana is part of a sincere exercise of religion. At the hearing, two ministers suggested Lafley might have come to the Church, in part, to evade his supervised release condition subjecting him to testing for controlled substances. Also, it is unclear whether Lafley's religion has a "comprehensive belief system" or addresses "fundamental and ultimate questions." See Sutton v. Rasheed, 323 F.3d 236, 251 n.30 (3rd Cir. 2003). That issue need not be decided here.

[3]The Seventh Circuit has addressed this exact issue, and found the enforcement of drug laws and uniform application of conditions of supervised release constitute compelling interests in the least restrictive manner. Israel, 317 F.3d at 771. There is a compelling interest to prohibit the use of drugs, including marijuana, for "the health and general welfare of the American people." Id. (quoting 21 U.S.C. § 801(2)). At the same time, a blanket restriction on the use of marijuana for previously convicted felons is "a legitimately restrictive means for safeguarding this interest." Id. To exempt some individuals on supervised release from federal law on controlled substances would hinder probation officers in supervising such individuals, and erode his or her ability to protect the public. Additionally, allowing a religious exemption would cause "significant administrative problems for the probation office and open the door to a weed-like proliferation of claims" for exemptions. Id. In short, prohibiting a convicted felon from using marijuana does not run afoul of the Religious Freedom Restoration Act.

Montana law. Mont. Code Ann. § 50-46-103. The card allows Lafley to use marijuana, as well as possess, cultivate, manufacture, and transport up to six plants and 1 ounce of usable marijuana. Id. § 50-46-201. Lafley did not present any evidence as to why he needs medical marijuana other than the authorization papers signed by some doctor.

Lafley's conditions of supervised release require that he "not commit another federal" crime, and forbid him from "unlawfully possess[ing] a controlled substance." Judgment (dkt #135). At the same time, Standard Condition number 7 prohibits Lafley from purchasing, possessing or using any controlled substance "except as prescribed by a physician." Id.

Under federal law, marijuana is a controlled substance. 21 U.S.C. § 812(c)(10). While Montana law permits marijuana to be prescribed, federal law does not. 21 U.S.C. §§ 823(f), 841(a)(1), 844(a). Thus, it is still a violation of federal law to possess or use marijuana, even with a state sanctioned prescription. Gonzales v. Raich, 545 U.S. 1, 22 (2005); see also United States v. Friel, _ F. Supp. 2d _, 2010 WL 1222092 (D. Me. March 29, 2010). The Montana Supreme Court has recognized this fact. State of Montana v. Nelson, 195 P.3d 826, 834 (Mont. 2008) ("The [Medical Marijuana Act] does not in any way prohibit the federal government from enforcing the [federal Controlled Substances Act] . . . .").

Accordingly, Lafley's medical marijuana card does not entitle him to disregard federal law, or otherwise not conform with the terms of his supervised release.

Lafley cannot use or possess marijuana whether for "medicinal" or for "sacramental" purposes. Neither his professed religious belief that marijuana brings him closer to God nor his Montana issued medical marijuana card relieve him of the prohibition. Lafley must accord his behavior with federal law and the conditions of his supervised release.

DATED this 28th day of April, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT